UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLIAM and MARIE UTNEHMER,                  No. 11-12159

                        Debtor(s).
_____/

PATRICK and MARY CRULL,

                        Plaintiff(s),

          v.                                          A.P. No. 11-1239

WILLIAM and MARIE UTNEHMER,

                        Defendant(s).
_____/

## Memorandum After Trial

     Prior to his bankruptcy, Chapter 7 debtor and defendant William Utnehmer was a real estate developer. In 2005, after reviewing a prospectus prepared by Utnehmer, plaintiffs Patrick and Mary Crull agreed to invest $100,000.00 in a spec home being built by Utnehmer and his partner at 1214 Abbot Kinney Boulevard, Venice, California. Although the Crulls received $25,750.00 in interest payments, they did not recover any principal. By this adversary proceeding, they seek to establish that their claim arising out of this transaction is nondischargeable.

1

The parties memorialized their transaction in a "loan agreement." Under the terms of this agreement, the $100,000 was to be paid in full when the property was sold, or after 12 months, whichever came first. However, they also agreed that "$50,000 of this initial $100,000 loan is intended to be superceded by execution of formal operating agreement which will re-characterize $50,000 of the lender's interest to an investor's equity interest with a 10% annual preferred return and 35% participation in profits on the equity contribution on a prorated basis. Said operating agreement and formation of a Limited Liability Company is being drafted." The agreement also provided that "The loan may be secured by a trust deed on the property."

Title to the property was taken in defendants' names. They refinanced the property several times. There were several delays in construction, but the project was completed and sold in 2008 for $3,725,000.00. The acquisition cost in 2005 was $1,250,000.00. The Crulls allege that the costs of the project were $1,200,000.00, so that there was $1,300,000.00 in profit. Utnehmer alleges that the costs were $2,991,000.00, so that there was no profit.

The legal theory upon which the Crulls claim nondischargeabilty is something of a moving target. Their complaint alleged fraud in the inducement and that Utnehmer never intended to honor the agreement, but there is no evidence to support this theory; there was no false statement, and Utnehmer intended to complete the project as planned. The complaint also alleges that Crulls had some sort of equitable lien on the property so that Utnehmer was guilty of conversion when he refinanced, but this allegation is without merit as the court finds no equitable lien, let alone any sort of willful and malicious conversion. That leaves only an argument under § 523(a)(4), which the Crulls make for the first time at trial.

The court somewhat reluctantly agrees with the Crulls that there is liability under § 523(a)(4). The "loan agreement" is sufficient to make Utnehmer a partner of the Crulls in the project. A partner has the responsibilities of a fiduciary within the meaning of § 523(a)(4) as to partnership property. *Ragsdale v. Haller*, 780 F.2d 794, 796–97 (9th Cir. 1986). Since Utnehmer took title to the project in his own name and refinanced several times without involving the Crulls, he has the burden of

2

accounting for all of the escrow proceeds as well as the costs and expenditures relating to the venture; failure to do so is a defalcation, notwithstanding lack of demonstrated intent to harm or cheat his partners. *In re Lewis,* 97 F.3d 1182, 1186-87 (9th Cir. 1996).

Utnehmer has not met his fiduciary duties. His accounting is not professionally prepared and admittedly contains expenses not attributable to the partnership. He has not met his burden of showing that nothing is due to the Crulls. The most the court can find from the scant evidence before it is that there were no great profits, but enough to return their investment to the Crulls.

For the foregoing reason, the court will award the Crulls $100,000.00 in damages, together with interest at the federal legal rate from and after April 1, 2008. This award will be nondischargable as to defendant William Utnehmer and the community property interest of defendant Marie Utnehmer. The Crulls shall also recover their costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the Crulls shall submit an appropriate form of judgment forthwith.

Dated: June 16, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

3